IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CASE NO. 3:07 CV 221

| | |
|---|---|
| RACING OPTICS, INC., | ) |
| Plaintiff, | ) |
| v. | ) COMPLAINT |
| | ) (JURY TRIAL DEMANDED) |
| DAVID LEON O'NEAL, EDWARD M. WALLACE, and CLEAR VIEW RACING OPTICS, LLC, | ) |
| Defendants. | ) |

Plaintiff, RACING OPTICS, INC., for its Complaint against Defendants CLEAR VIEW RACING OPTICS, LLC, DAVID LEON O'NEAL, and EDWARD M. WALLACE, individually and as agents of Clear View Racing Optics, LLC, do hereby allege as follows:

## PARTIES

1. Plaintiff Racing Optics, Inc. ("Plaintiff" or "Racing Optics") is a California corporation having its principal place of business in San Clemente, California. Racing Optics manufactures and distributes transparent plastic strips applied to, among other things, helmet visors and automotive windshields, referred to as "tear-offs," to the motor sports industry.

2. Defendant Clear View Racing Optics, LLC ("Clear View") is a North Carolina Limited Liability Company with its principal place of business in Mooresville, North Carolina.

3. Defendant David Leon O'Neal ("O'Neal") is an individual and resides within the Western District of North Carolina.

4. Defendant Edward M. Wallace ("Wallace") is an individual and resides within the Western District of North Carolina and, on information and belief, has both a management and/or ownership interest in Clear View.

## JURISDICTION AND VENUE

5. This is an action for patent infringement under 35 U.S.C. §§ 271 and 281, trademark infringement under 15 U.S.C. §§ 1114 and 1125, and related state law causes of action.

6. This case arises under 15 U.S.C. § 1121, 28 U.S.C. § 1331 and 28 U.S.C. § 1338. Additionally, Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b) because, *inter alia*, a substantial part of the events or omissions giving rise to Plaintiff's claims herein occurred in this judicial district and the defendants reside in this District.

## FACTUAL BACKGROUND

### Plaintiff's Product

8. Racing Optics manufactures and distributes tear-offs primarily to the motor sports community.

9. Tear-offs are multi-layered disposable lenses, often used in motor sports, and offer race car drivers and their teams many benefits over using a windshield alone.

10. During all relevant time periods herein, Cole Automotive Group, LLC ("Cole") was the exclusive worldwide distributor of the tear-offs manufactured by Plaintiff Racing Optics.

### Defendants

11. Defendant O'Neal is a former employee of Cole who left Cole on or about December 15, 2005.

12. On or about November 13, 2006, Wallace formed and incorporated Clear View Racing Optics.

13. On information and belief, O'Neal works as a salesman for and may have an ownership interest in Clear View Racing Optics.

### Patents

14. On January 25, 2005, the United States Patent and Trademark Office duly and lawfully issued United States Patent No. 6,847,492 (the '492 Patent"), entitled "Optical stack of laminated removable lenses for face shields, windows, and displays." A true and correct copy of the '492 Patent is attached hereto as Exhibit A. Plaintiff, by assignment, is the lawful owner of the '492 Patent, including the right to sue for and recover for past, present, and future infringement thereof.

15. On February 27, 2007, the United States Patent and Trademark Office duly and lawfully issued United States Patent No. 7,184,217 ("the '217 Patent"), entitled "Optical stack of laminated removable lenses for face shields, windows, and displays." A true and correct copy of the '217 Patent is attached hereto as Exhibit B. Plaintiff, by assignment, is the lawful owner of the '217 Patent, including the right to sue for and recover for past, present, and future infringement thereof. (The '492 Patent and '217 Patent, collectively, the "Patents".)

16. The claims contained in the Patents relate to tear offs that can be mounted to the posts on the face shield of a helmet or laminated directly to a windshield.

3

17. Plaintiff has spent considerable time, effort, and resources developing and promoting its products and services embodying the inventions of the Patents.

## Trademarks

18. Since 1999, Plaintiff Racing Optics has marketed its tear-offs under the trademark "RACING OPTICS," which was registered as U.S. Trademark No. 2,982,367 on August 2, 2005.

19. The "RACING OPTICS" trademark is widely recognized within the motor sports community as the brand identifier for Plaintiff's products. The fame and goodwill associated with the trademark is one of Plaintiff's most valuable corporate assets.

20. Consumers in the motor sports community have come to recognize the "RACING OPTICS" trademark and associate the trademark and the goods sold under the "RACING OPTICS" trademark with Plaintiff, and the mark, therefore, has acquired secondary meaning.

21. Upon information and belief, since at least November 2006, Defendants have represented to the public that they are in the business of manufacturing and distributing tear-offs.

22. Defendants have chosen the name "Clear View Racing Optics" for the company that is competing, and will compete in the future, directly with Racing Optics.

23. Defendants have used the trademark "RACING OPTICS" in promoting the company and its products. Upon information and belief, Defendants intend to continue to use the "RACING OPTICS" trademark in promoting both the company and its products.

24. Plaintiff's mark and Defendants' mark are identical in appearance, sound, and overall impression. Upon information and belief, Defendants adopted Plaintiff's trademark to trade on the fame and goodwill associated with Plaintiff's trademark.

25. Additionally, as part of its ongoing promotional, marketing and sales effort, on or about December 18, 2006, Defendant Wallace registered a domain name,

4

Case 3:07-cv-00221-FDW-DCK   Document 1   Filed 05/31/07   Page 4 of 13

www.clearviewracingoptics.com, which name utilizes Plaintiff's registered trademark. Upon information and belief, Defendants intend to maintain a commercial website using that web address to promote and sell their products.

26. Customers already have been confused by Defendants' actions. Two customers have mistakenly returned tear-offs manufactured and sold by Defendants to Plaintiff, based on the belief that the products had been manufactured by Plaintiff.

27. Thus, the use of the "RACING OPTICS" mark to compete directly with Plaintiff's products is likely to cause has already caused and will continue to cause consumer confusion, mistake, and deception.

28. The similarity between "Clear View Racing Optics" and Plaintiff's registered trademark, "RACING OPTICS," has led and is likely to lead consumers mistakenly to conclude that Defendants' product was exclusively or jointly developed, licensed, or certified by, or otherwise sponsored or approved by Plaintiff, or that Defendants and their products are somehow otherwise affiliated, connected, or associated with Plaintiff. Consumers are likely to be misled as to the true source, sponsorship, or affiliation of the Defendants' products. As a result, Plaintiff's famous mark is diluted by the infringement.

29. Upon information and belief, through their use of the "RACING OPTICS" mark, Defendants have intentionally and with knowledge sought to cause consumer confusion, mistake, and deception.

## FIRST CLAIM FOR RELIEF

### (Injunctive Relief – All Defendants)

30. Plaintiff hereby restates and incorporates by reference paragraphs 1-29 as if fully set forth herein.

31. The infringing activities of Defendants, as alleged herein, are willful and deliberate, and designed to cause financial loss and damage to Plaintiff's business reputation in North Carolina and elsewhere.

32. Plaintiff has and will continue to suffer immediate and irreparable financial loss and damage to its business reputation in North Carolina and elsewhere.

33. Plaintiff is likely to succeed at a trial on the merits and the balance of hardships in this case are in Plaintiff's favor.

34. It is not against the public interest, and, in fact, furthers the public interest to enjoin the infringing activities complained of herein.

35. Defendants' intentional and willful infringement of Plaintiff's trademarks and patents, as alleged herein, has caused and will continue to cause damage to Plaintiff, and is causing irreparable harm to Plaintiff for which there is no adequate remedy at law.

## SECOND CLAIM FOR RELIEF

### (Patent Infringement – All Defendants)

36. Plaintiff hereby restates and incorporates by reference paragraphs 1-35 as if fully set forth herein.

37. Upon information and belief, Defendants have engaged in the manufacture, use, distribution, sale, and offer for sale of products embodying the invention of the Patents in this judicial district and throughout the United States.

38. In violation of 35 U.S.C. § 271, Defendants have directly infringed, contributorily infringed, or induced the infringement of, literally and/or under the doctrine of equivalents, one or more claims of the Patents, and are still doing so by making, selling, offering for sale, and using products embodying the Patents, and will continue to do so unless enjoined by this Court.

6

39. Upon information and belief, Defendants' infringement is willful and deliberate, entitling Plaintiff to an award of treble damages under 35 USC §284.

40. The unlawful activities engaged in by Defendants have damaged Plaintiff in an amount to be determined at trial and Defendants' actions make this case exceptional, entitling Plaintiff to a full recovery of attorneys fees under 35 U.S.C. § 285.

## THIRD CLAIM FOR RELIEF

### (Trademark Infringement Under the Lanham Act – All Defendants)

41. Plaintiff hereby restates and incorporates by reference paragraphs 1-40 as if fully set forth herein.

42. Plaintiff owns the registered trademark "RACING OPTICS."

43. Defendants' have used, and continue to use, in commerce, Plaintiff's "RACING OPTICS" mark in connection with the sale, offering for sale, distribution, or advertising of goods in direct competition with Plaintiffs.

44. Defendants' use of Plaintiff's "RACING OPTICS" mark is likely to cause, and has caused, confusion.

45. Defendants' use of the "RACING OPTICS" mark to promote, market, or sell tear-offs in direct competition with Plaintiff constitutes trademark infringement pursuant to 15 U.S.C. § 1114.

46. The unlawful activities engaged in by Defendants have damaged Plaintiff in an amount in excess of the jurisdictional amount.

## FOURTH CLAIM FOR RELIEF

### (False Designation of Origin Under the Lanham Act – All Defendants)

47. Plaintiff hereby restates and incorporates by reference paragraphs 1-46 as if fully set forth herein.

48. Plaintiff owns the registered trademark "RACING OPTICS".

49. Defendants have used, and continue to use, in commerce, Plaintiff's "RACING OPTICS" mark in connection with the sale, offering for sale, distribution, or advertising of goods in direct competition with Plaintiffs.

50. Defendants' use of Plaintiff's "RACING OPTICS" mark is likely to cause, and has caused, confusion, mistake, and deception as to the affiliation, connection, or association of Defendants with the Plaintiff, and as to the origin, sponsorship, or approval of the goods.

51. Defendants' use of the "RACING OPTICS" mark to promote, market, or sell tear-offs in direct competition with Plaintiff constitutes false designation of origin pursuant to 15 U.S.C. § 1125(a).

52. Plaintiff has been and will continue to be damaged and irreparably injured unless this Court enjoins Defendants' infringing activities.

53. The unlawful activities engaged in by Defendants have damaged Plaintiff in an amount in excess of the jurisdictional amount.

## FIFTH CLAIM FOR RELIEF

### (False Advertising Under the Lanham Act – All Defendants)

54. Plaintiff hereby restates and incorporates by reference paragraphs 1-53 as if fully set forth herein.

55. Plaintiff owns the registered trademark "RACING OPTICS".

8

56. Defendants' have applied Plaintiff's "RACING OPTICS" mark to labels, signs, prints, packages, wrappers, receptacles or advertisements intended to be used in commerce upon or in connection with the sale, offering for sale, distribution or advertising of goods in direct competition with Plaintiffs.

57. Defendants' use of Plaintiff's "RACING OPTICS" mark is likely to cause, and has caused, confusion.

58. Defendants' use of the "RACING OPTICS" mark in advertising, in direct competition with Plaintiff, constitutes false advertising pursuant to 15 U.S.C. § 1125(a).

59. The unlawful activities engaged in by Defendants have damaged Plaintiff in an amount in excess of the jurisdictional amount.

## SIXTH CLAIM FOR RELIEF

### (Trademark Dilution Under the Lanham Act – All Defendants)

60. Plaintiff hereby restates and incorporates by reference paragraphs 1-59 as if fully set forth herein.

61. Plaintiff owns the registered trademark "RACING OPTICS".

62. Plaintiff's trademarks are widely recognized within the motor sports community as the brand identifier for Plaintiff's products. The fame and goodwill associated with the trademarks is one of Plaintiff's most valuable corporate assets.

63. Defendants' use of the "RACING OPTICS" mark to promote, market, or sell tear-offs in direct competition with Plaintiff constitutes willful trademark dilution pursuant to 15 U.S.C. § 1125(c).

64. The unlawful activities engaged in by Defendants have damaged Plaintiff in an amount in excess of the jurisdictional amount.

9

## SEVENTH CLAIM FOR RELIEF

### (Unfair Competition Under the Lanham Act – All Defendants)

65. Plaintiff hereby restates and incorporates by reference paragraphs 1-64 as if fully set forth herein.

66. Plaintiff owns the registered trademark "RACING OPTICS".

67. Defendants' have used, and continue to use, in commerce, Plaintiff's "RACING OPTICS" mark in connection with the sale, offering for sale, distribution, or advertising of goods in direct competition with Plaintiffs.

68. Defendants' use of Plaintiff's "RACING OPTICS" mark is likely to cause, and has caused, confusion, mistake, and deception as to the affiliation, connection, or association of Defendants with the Plaintiff, and as to the origin, sponsorship, or approval of the goods.

69. Defendants' use of the "RACING OPTICS" mark to promote, market, or sell tear-offs in direct competition with Plaintiff constitutes unfair competition pursuant to 15 U.S.C. § 1125(a).

70. The unlawful activities engaged in by Defendants have damaged Plaintiff in an amount in excess of the jurisdictional amount.

## EIGHTH CLAIM FOR RELIEF

### (Unfair and Deceptive Trade Practices under North Carolina Law – All Defendants)

71. Plaintiff hereby restates and incorporates by reference paragraphs 1-70 as if fully set forth herein.

72. The activities of the Defendants, as more fully described herein, were in and affecting commerce, had the capacity or tendency to deceive and/or constitute unfair or deceptive trade practices and constitute violations of Chapter 75 of the North Carolina General Statutes.

73. The unfair or deceptive trade practices engaged in by the Defendants have damaged Plaintiff in an amount in excess of the jurisdictional amount, and Plaintiff is entitled to have its damages trebled pursuant to N.C. Gen. Stat. § 75-16 and to recover costs and expenses, including reasonable attorneys' fees, incurred in this action pursuant to N.C. Gen. Stat. § 75-16.1.

## NINTH CLAIM FOR RELIEF

### (Piercing the Corporate Veil – Clear View Racing Optics, LLC)

74. Plaintiff hereby restates and incorporates by reference paragraphs 1-73 as if fully set forth herein.

75. Upon information and belief, Defendants O'Neal and Wallace operated Clear View Racing Optics as an instrumentality or alter ego of themselves as sole directors and shareholders, with Defendants O'Neal and Wallace exercising such complete domination of the policies and business practices of Clear View Racing Optics that Clear View Racing Optics had no mind, will, or existence of its own separate and apart from Defendants O'Neal and Wallace.

76. Upon information and belief, Defendants O'Neal and Wallace have inadequately capitalized Clear View Racing Optics and have not maintained adequate corporate records.

77. Upon information and belief, Defendants O'Neal and Wallace have controlled Clear View Racing Optics in such a way as to commit a fraud or wrong and the corporate veil should be disregarded to hold accountable the individual Defendants who engaged in the acts complained of, as to do otherwise would result in injustice and be fundamentally unfair.

WHEREFORE, Plaintiff prays unto the Court that:

1. Defendants, and each of them, be preliminarily and permanently enjoined from infringing, contributing to the infringement of, or inducing the infringement of

11

Plaintiff's trademarks and patents;

2. Defendants, and each of them, be held to have willfully infringed one or more claims of the Patents;

3. Defendants, and each of them, be held to have willfully infringed Plaintiff's registered trademark, "RACING OPTICS";

4. Plaintiff have and recover from Defendants, jointly and severally, in excess of the jurisdictional amount, monetary damages adequate to compensate Plaintiff for Defendants' infringement of the Patents and in no event less than a reasonable royalty;

5. Plaintiff have and recover from Defendants, jointly and severally, in excess of the jurisdictional amount, monetary damages adequate to compensate Plaintiff for Defendants' wrongful activities, and to account for and pay over to Plaintiff all gains, profits, and advances derived from the sale, offering for sale, distribution, or advertising of any products in wrongful association with Plaintiff's registered trademark, "RACING OPTICS";

6. Plaintiff have and recover from Defendants, jointly and severally, in excess of the jurisdictional amount, treble damages, as provided by law;

7. Plaintiff have and recover from Defendants, jointly and severally, in excess of the jurisdictional amount, statutory damages, as provided by law;

8. Plaintiff have and recover from Defendants, jointly and severally, the costs and expenses incurred in this action, including its reasonable attorneys' fees pursuant to either Chapters 66 or 75 of the North Carolina General Statutes and 35 USC § 285;

9. The Court disregard the corporate veil, and hold accountable the individual

Defendants who engaged in the acts complained of herein;

10. A jury trial be provided as to all issues so triable; and

11. Plaintiff have and recover such other relief as the Court may deem just and proper.

This 31st day of May 2007.

/s/ Kenneth J. Gumbiner
Kenneth J. Gumbiner
N.C. State Bar No. 12825
*Attorney for Plaintiff*

OF COUNSEL:

TUGGLE DUGGINS & MESCHAN, PA
P.O. Box 2888
100 North Greene Street
Greensboro, NC 27402
Telephone: (336) 378-1431
Facsimile: (336) 274-6590

13

Case 3:07-cv-00221-FDW-DCK   Document 1   Filed 05/31/07   Page 13 of 13