# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

**DOCKET NO. 3:07-CV-221-FDW**

| | |
|---|---|
| RACING OPTICS, INC., BART WILSON, SETH WILSON, and STEPHEN S. WILSON, <br><br> Plaintiffs, <br><br> vs. <br><br> DAVID LEON O'NEAL, EDWARD M. WALLACE, and CLEAR VIEW RACING OPTICS, LCC, <br><br> Defendants. | **PRELIMINARY INJUNCTION** |

THIS CAUSE, COMING TO BE HEARD before the undersigned District Court Judge upon Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction (Doc. No. 7);

The Court has weighed the following factors, and announced its reasoning in open court, which reasoning shall not be repeated herein:

(1) the likelihood of irreparable harm to the plaintiffs if relief is denied;

(2) the likelihood of harm to the defendants if the requested relief is granted;

(3) the likelihood that the plaintiffs will succeed on the merits; and

(4) the public interest.

Based on the pleadings in this matter, Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction, the affidavits and declarations in support thereof, the briefs and responding papers filed herein, oral argument of counsel and the evidence adduced at the hearing of this matter, for the reasons stated herein and in open court,

IT IS HEREBY ORDERED THAT Plaintiff's motion for a preliminary injunction is GRANTED IN PART and DENIED IN PART as follows:

(1) Defendants David Leon O'Neal, Edward M. Wallace, and Clear View Vision Armor, LLC f/k/a Clear View Racing Optics, LLC ("Clear View"), their officers, agents, servants, employees, and those in active concert or participation with them are hereby enjoined pending the trial of this matter, from:

    a. using, displaying, copying, or making any other unauthorized use of the "RACING OPTICS" mark or a colorable imitation thereof in selling products to or outside of the motorsports community;

    b. using any trade name or trademark which may be calculated to represent falsely or which has the effect of representing falsely that Defendants' products are made by or under the auspices of, sponsored by, authorized by, or in any matter associated with Racing Optics;

    c. representing or suggesting that any product sold by Defendants is made by or under the auspices of, sponsored by, authorized by, or in any manner associated with Racing Optics; or

    d. representing or suggesting any business relationship between Racing Optics and Defendants.

(2) On or before Monday, August 20, 2007, Defendants shall file with the Court and serve on Plaintiffs' counsel a list of all of Defendants' customers (i.e., individual race cars) to whom multi-layer laminated stacked tear-offs were actually sold, distributed, or installed by Clear View and invoiced by Clear View prior to August 14, 2007 ("existing customers").

(3) Defendants are ordered to send written notification by first class mail or facsimile, in the form contained in **Exhibit A** hereto,[1] to all customers and potential customers of Defendants to whom Defendants sold or attempted to sell any multi-layer laminated stacked tear-offs from the inception of Clear View, up to and including the date of this injunction.

(4) Within fourteen (14) days of the entry of this Order, Defendants shall file with the Court and serve on Plaintiffs' counsel a report in writing and under oath setting forth in detail the identity of all customers and potential customers of Clear View falling within Paragraph 2 and the manner and form in which Defendants have complied with Paragraph 3 of this Order.

IT IS FURTHER ORDERED THAT:

(5) Except as to "existing customers" identified in the filing that is required pursuant to Paragraph 2, and which has been filed and is identified on the Court's docket as Doc. No. 27, Defendants, their officers, agents, servants, employees, and those in active concert or participation with them, are hereby enjoined pending the trial of this matter, from installing, offering to install, soliciting for future installation, displaying, offering, selling, or soliciting for future sale, any machine-made, multi-layer laminated stacked tear-off. In this regard, Defendants are prohibited from displaying or otherwise promoting their machine-made, multi-layer laminated stacked tear-offs at any trade shows, including, without limitation, the Performance Racing Industry Show. Defendants are also prohibited from making any claim or statement that in any way denigrates the

---

[1] The Court has reviewed both proposed notices and adopts the form proposed by Defendants. However, something in the form of Plaintiffs' submission might be more appropriate as part of any permanent injunction that may issue following trial. Additionally, the Court deems notice via first class mail or facsimile to be sufficient at this stage of litigation, while reserving judgment on whether heightened notice requirements would be appropriate as part of a final judgment.

Racing Optics product line, unless such claim or statement is reasonably calculated to further the legitimate promotion of the manually-stacked, single-layer film product (i.e., the claim or statement must not be trade libel and must be capable of a reasonable construction other than the promotion or solicitation for the future sale, distribution, or installation of a competing machine-laminated, multi-layer film product).

    IT IS PROVIDED, HOWEVER, THAT:

    (6) Defendants, their officers, agents, servants, or employees may continue to install and/or sell machine-made, multi-layer laminated stacked tear-offs to "existing customers" ("existing customers" are limited to individual race cars on race teams to whom such tear-offs were previously sold, distributed, or installed by Clear View and invoiced by Clear View prior to August 14, 2007, as identified above).[2] Furthermore, this Order does not prevent or restrict in any way Defendants, their officers, agents, servants, or employees from offering to sell, selling, distributing, or installing single-layer film manually to form multi-stacked tear-offs, whether to new or existing customers. Furthermore, this Order does not prohibit Defendants from selling or installing Racing Optics' proprietary multi-layer film pursuant to a valid license or distributorship agreement.

    IT IS SO ORDERED.

              Signed: August 21, 2007

              Frank D. Whitney
              United States District Judge

---

  [2] However, the continuing sale or distribution of such tear-offs, to the extent Plaintiffs prevail at trial, may be subject to Plaintiffs' claims for damages.

## **EXHIBIT A**

Date

Dear Customer:

On July 23, 2007, we advised you that Clear View Racing Optics, LLC had changed its name to Clear View Vision Armor, LLC.  This letter is to further advise you that Clear View has never been associated with Racing Optics or its products.


Sincerely,

Clear View Vision Armor, LLC

By: _____