| | | |
|---|---|---|
| RACING OPTICS, INC., BART WILSON, SETH WILSON, and STEPHEN S. WILSON, | ) ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | STIPULATED PROTECTIVE ORDER |
| | ) | |
| | ) | |
| | ) | |
| DAVID LEON O'NEAL, EDWARD M. WALLACE, and CLEAR VIEW RACING OPTICS, LLC | ) ) ) | |
| | ) | |
| Defendants. | ) | |

The Parties have jointly moved the Court to enter this Stipulated Protective Order, which

modifies and supersedes the Standing Protective Order For Civil Cases Before The Honorable

Judge Frank D. Whitney, to allow the parties and non-parties to produce trade secret and

confidential research, financial and commercial information under a "Highly Confidential -

Attorneys' Eyes Only" designation such that only the Court and its personnel, the attorneys and

expert witnesses and their personnel, court reporters, and persons who are currently employed by

the producing party and who have had access to the information designated as "Highly

Confidential - Attorneys' Eyes Only" will be entitled to receive such information.  The parties,

and certain non-parties who have been subpoenaed for documents in this case, have objected to

the production of documents containing trade secrets and confidential research, financial and

commercial information.  Therefore, it is hereby ORDERED by the Court that this Stipulated

Protective Order supersedes the Standing Protective Order and the following restrictions and

procedures shall apply to certain information, documents and excerpts from documents supplied by the parties or non-parties to each other in response to discovery requests:

1.	Counsel for any party or any non-party may designate any document or information contained in a document as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client.  Information and documents designated by a party or non-party as confidential will be labeled "CONFIDENTIAL – PRODUCED PURSUANT TO PROTECTIVE ORDER." As provided in paragraph 6 herein, information and documents containing trade secrets or other confidential research, development, or commercial information may be designated "Highly Confidential - Attorneys' Eyes Only - PRODUCED PURSUANT TO PROTECTED ORDER."  "Confidential" and "Highly Confidential - Attorneys' Eyes Only" information or documents may be referred to collectively as "confidential information."

2.	Unless otherwise ordered by the Court, or otherwise provided for herein, the confidential information disclosed will be held and used by the person receiving such information solely for use in connection with the above-captioned action.

3.	In the event a party challenges another party's or non-party's confidential designation, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may thereafter seek resolution by the Court.  In any such proceeding, the producing party or non-party shall have the burden of showing that the information should be designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only".  Nothing in this Protective Order constitutes an admission by any party that confidential information disclosed in this case is relevant or admissible.

4.	Each party or any non-party specifically reserves the right to object to the use or admissibility of all confidential information disclosed, in accordance with applicable law.

5.    Information or documents designated as "Confidential" shall not be disclosed to any person, except:

     a.    The requesting party and counsel;

     b.    Employees of such counsel assigned to and necessary to assist in the litigation;

     c.    Consultants or experts to the extent deemed necessary by counsel;

     d.    Any employee of the party producing the information designated "Confidential" who has or has had access to the information designated "Confidential" for use in connection with a deposition; and

     e.    The Court or the jury at trial or as exhibits to motions.

6.    Information or documents designated as "Highly Confidential - Attorneys' Eyes Only" shall not be disclosed to any person except the following:

     a.    Counsel;

     b.    Employees of such counsel assigned to and necessary to assist in the litigation;

     c.    Consultants or experts to the extent deemed necessary by counsel;

     d.    Any employee of the party producing the information designated "Highly Confidential" who has or has had access to the information designated "Highly Confidential - Attorneys' Eyes Only" for use in connection with a deposition; and

     e.    The Court or the jury at trial or as exhibits to motions.

7.    Prior to disclosing or displaying the confidential information to any person, counsel shall:

a.      Inform the person of the confidential nature of the information or documents; and

b.      Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of that information or documents to any other person.

8.      The confidential information may be displayed to and discussed with the persons identified in Paragraphs 5(c) and 6(c) only on the condition that prior to any such display or discussion, each such person shall be asked to sign an agreement to be bound by this Order in the form attached as Exhibit A. In the event such person refuses to sign an agreement in the form attached as Exhibit A, the party desiring to disclose the confidential information may seek appropriate relief from this Court.

9.      For the purpose of Paragraphs 5(c)-(e) and 6(c)-(e) it is understood by the parties and non-parties that any documents which are filed with the Court are public documents, and that such documents can and will be sealed by the Court only upon motion and in accordance with applicable law.  This Protective Order does not provide for the automatic sealing of such documents.  Prior to filing with the Court any document that contains information designated "Highly Confidential - Attorneys' Eyes Only" or "Confidential", the party intending to file such document, including any deposition transcript containing "Confidential" or "Highly Confidential - Attorneys' Eyes Only" information, must obtain an order from the Court sealing such document from the public record.

10.      It is understood by the parties and non-parties that any documents which are presented in an official judicial proceeding are public documents, unless sealed by order of the Court.  Any party that knows that it intends to present confidential information of any party or

non-party in written or oral form at trial, or during any pre- or post-trial hearing, shall first notify the Court and the producing party a reasonable amount of time in advance. A party may make use of the confidential information of a party or non-party at trial, or during any pre- or post-trial hearing, assuming that the confidential information is otherwise relevant and admissible. The Court may seal the courtroom during portions of testimony relating to documents that include confidential information, and may order all individuals to leave the courtroom except outside counsel, the reporter, court personnel, the witness and such other persons as would be allowed to receive the information under paragraphs 5 and 6 above, as the case may be.

11. During a deposition or within 15 days after receipt of a deposition transcript, a party or non-party may designate any portion or portions of the deposition transcript as "Confidential" or "Highly Confidential - Attorneys' Eyes Only." The designating party or non-party shall instruct the Court Reporter to mark each page of the deposition transcript on which designated testimony appears with the appropriate legend. Those portions of depositions involving such information will be taken with no one present except outside counsel, the reporter, the deponent and such other persons as would be allowed to receive the information under paragraphs 5 and 6 above, as the case may be. All persons present at the taking of depositions in which confidential information is involved, upon notice of the terms of this Protective Order, are hereby enjoined from disclosing such information or the testimony of the deponent regarding such information to any other person not authorized under this Protective Order to receive such information.

12. If through inadvertence, error or oversight, a party or non-party fails to properly designate a document, tangible thing or information as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" at the time of production or disclosure, the producing party or non-party shall promptly notify the receiving party of such error or oversight as soon

as such error or oversight is discovered and shall provide properly designated copes of the particular document(s), tangible thing(s) or information to be reclassified as "Confidential" or "Highly Confidential - Attorneys' Eyes Only". Thereafter, the receiving party shall return or certify that it has destroyed all clean, unmarked copies thereof, shall mark all other copies with the proper designation, and shall otherwise treat such document(s), tangible thing(s) or information in the same manner as if it had been properly designated or classified originally.

13.     If a producing party or non-party, through inadvertence, error or oversight, produces any document(s) or information that it believes is immune from discovery pursuant to any attorney-client privilege, attorney work product immunity or any other privilege or immunity from production, such production shall not be deemed a waiver provided the producing party or non-party acts promptly to give written notice to all receiving parties that the document(s) or information so produced is deemed privileged and that the return of the document(s) or information is requested. Upon receipt of such written notice, all receiving parties shall immediately undertake to gather the original and all copies of the document(s) or information and shall immediately return the original and all such copies to the producing party or certify that all such documents have been destroyed.

14.     At the conclusion of litigation, the confidential information and any copies thereof shall be promptly (and in no event later than thirty (30) days after entry of a final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed.

15.     The foregoing is entirely without prejudice to the right of any party or non-party to apply to the Court for any further Protective Order relating to confidential information; or to object to the production of documents or information; or to apply to the Court for an order compelling production of documents or information; or for modification of this Order.

IT IS SO ORDERED.

Signed: October 29, 2007

David C. Keesler
United States Magistrate Judge

| | | |
|---|---|---|
| RACING OPTICS, INC., BART WILSON, SETH WILSON, and STEPHEN S. WILSON, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | UNDERTAKING REGARDING STIPULATED PROTECTIVE ORDER |
| DAVID LEON O'NEAL, EDWARD M. WALLACE, and CLEAR VIEW RACING OPTICS, LLC | ) ) ) ) ) | |
| Defendants. | ) | |

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the above-captioned matter have been designated as confidential. I have been informed that any such document or information labeled as "CONFIDENTIAL – PRODUCED PURSUANT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY – PRODUCED PURSUANT TO PROTECTIVE ORDER" are confidential by Order of the Court.

Under penalty of contempt of Court, I hereby agree that I will not disclose any information contained in such documents to any other person, and I further agree not to use any such information for any purpose other than this litigation. I have read the Stipulated Protective Order and will abide by its terms.

DATED: _____          _____
                                                                   Print Name & Position