# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

### DOCKET NO. 3:07-CV-221-FDW

| | |
|---|---|
| RACING OPTICS, INC., BART WILSON, SETH WILSON, and STEPHEN S. WILSON, <br><br> Plaintiffs, <br><br> vs. <br><br> DAVID LEON O'NEAL, EDWARD M. WALLACE, and CLEAR VIEW RACING OPTICS, LLC, <br><br> Defendants. | **CONSENT JUDGMENT ORDER** |

This action has come before the Court, upon the pleadings and proceedings of record, and it has been represented to the Court that Plaintiffs Racing Optics, Inc., Bart Wilson, Seth Wilson, and Stephen S. Wilson and Defendants David Leon O'Neal, Edward M. Wallace, and Clear View Racing Optics, LLC (collectively the "Parties") have agreed to a compromise and settlement of this Civil Action and all claims, defenses and counterclaims that were or could have been brought in this Civil Action.

WHEREFORE, with the consent of the Parties, through their undersigned attorneys, it is hereby ORDERED, ADJUDGED and DECREED that:

1. The Court has jurisdiction over the Parties and the subject matter of this action.

2. Plaintiff Racing Optics, Inc. owns U.S. Patent No. 7,184,217, entitled "Optical Stack of Removable Laminated Lenses for Face Shield, Windows, and Displays," issued February 27, 2007 (the "Patent in Suit"), of which Plaintiffs Bart Wilson, Seth Wilson, and Stephen S. Wilson are the

named inventors.

3. Defendants agree that their manufacture, use, sale, and offer for sale of mechanically laminated, multi-layer tear-off products ("Products"), including but not limited to the two-layer and three-layer tear-offs, constitutes infringement of at least Claim 1 of the Patent in Suit.

4. Defendants agree that the Patent in Suit is both valid and enforceable. Defendants further agree that this Order represents a final adjudication of all claims, counterclaims and defenses which were or could have been made in this action and will bar Defendants from litigating the defenses of unenforceability and invalidity of the Patent in Suit, even as to different Products charged with infringement of the Patent in Suit in any future proceedings. Further, Defendants agree to and hereby waive and relinquish the right to ever contest the validity and/or enforceability of the Patent in Suit or any of the claims thereof, whether such assertion of invalidity and/or unenforceability would be made in a court proceeding or Patent Office proceeding, and whether or not such assertion is in relationship to the infringing Products in this action or in connection with any other Products made, used and/or sold by Defendants. It is the intent of this provision that to the fullest and broadest extent permitted by law, Defendants are precluded from challenging the validity and/or enforceability of the Patent in Suit or any of the claims thereof, and that such preclusion is acknowledged and intended to be broader than the prohibition on such challenges arising from the doctrine of res judicata and/or collateral estoppel. However, Defendants shall not be precluded from relying on any judgment or decision of invalidity or unenforceability of the Patent-in-Suit or any claim thereof that subsequently issues from a court proceeding or Patent Office proceeding filed by any one of the Plaintiffs or another person unrelated to any of the Defendants

5. Plaintiff Racing Optics, Inc., has used the designation RACING OPTICS as a

trademark for various of its products, and is the owner of record of U.S. Trademark Reg. No. 2,982,367 and U.S. Trademark App. Ser. Nos. 76/678,622 and 77/276,952 pertaining to designation RACING OPTICS or designations incorporating the phrase RACING OPTICS (the "RACING OPTICS Marks"). Defendants agree, and it is hereby ordered, adjudged and decreed, that the RACING OPTICS Marks are legally valid and protectable trademarks, and that Defendants' unauthorized use in commerce of the designation CLEAR VIEW RACING OPTICS infringed the RACING OPTICS Marks.

6. Effective as of the date of this Order, Defendants and their respective agents, servants, employees, attorneys, predecessors, officers, directors, and all other persons acting for, with, by, through, or under authority from Defendants, or in concert or participation with Defendants, or any of them, are hereby permanently restrained and enjoined from any and all use of the RACING OPTICS Marks or any name, mark, designation, or other attention-getting device that is confusingly similar to the RACING OPTICS Marks (whether alone or in combination with other terms or designs), including without limitation the designation CLEAR VIEW RACING OPTICS or any designation that includes both the terms "RACING" and "OPTICS" or any similar variation thereof (for example and including, but not limited to, "RACING OPTIX" and "RACING OPTIC"), as a trademark, service mark, trade name, or otherwise in connection with the offering or sale of any goods or services.

7. Defendants and their respective agents, servants, employees, attorneys, predecessors, officers, directors, and all other persons acting for, with, by, through, or under authority from Defendants, or in concert or participation with Defendants, or either of them, are hereby permanently restrained and enjoined from challenging the validity or enforceability of the RACING OPTICS

Marks, including but not limited to being permanently restrained and enjoined from (a) petitioning to cancel U.S. Trademark Reg. No. 2,982,367; (b) opposing U.S. Trademark App. Ser. Nos. 76/678,622 or 77/276,952; and (c) petitioning to cancel any U.S. trademark registration that results from U.S. Trademark App. Ser. Nos. 76/678,622 or 77/276,952. Defendants further agree that this Order represents a final adjudication of all claims, counterclaims and defenses which were or could have been made in this action and will bar Defendants from litigating the defenses of unenforceability and invalidity of the RACING OPTICS Marks in any future proceedings. Further, Defendants agree to and hereby waive and relinquish the right to ever contest the validity and/or enforceability of the RACING OPTICS Marks, whether such assertion of invalidity and/or unenforceability would be made in a court proceeding or Trademark Office proceeding. It is the intent of this provision that to the fullest and broadest extent permitted by law, Defendants are precluded from challenging the validity and/or enforceability of the RACING OPTICS Marks, and that such preclusion is acknowledged and intended to be broader than the prohibition on such challenges arising from the doctrine of res judicata and/or collateral estoppel.

8. Except as to Defendants' obligations set forth in this Judgment, all claims and counterclaims that were or could have been made by the Parties in this action are hereby dismissed with prejudice. Provided the notice and cure provisions of Article X of the Settlement and License Agreement, which Agreement is incorporated herein by reference, are followed, Plaintiffs may seek a permanent injunction to prevent infringement of the Patent in Suit; however, any permanent injunction entered shall not have the effect of terminating, cancelling, or nullifying the Settlement and License Agreement, or any provision thereof.

9. Each party shall bear its own costs and attorneys' fees in this action.

10. This Court retains jurisdiction over the Parties for the purpose of enforcing the Settlement and License Agreement between the Parties relating to this Civil Action, a version redacting payment and royalty rate terms is incorporated herein by reference, or for any action relating to the enforcement of this Order.

IT IS SO ORDERED.

Signed: January 3, 2008

Frank D. Whitney
United States District Judge